[Civ. No. 2080.  First Appellate District.—January 4, 1917.]

## HARTFORD ACCIDENT AND INDEMNITY COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT — CONTRACTING OF ACTINOMYCOSIS BY EMPLOYEE OF GRAIN AND MILLING COMPANY—INJURY IN COURSE OF EMPLOYMENT.—The contracting by an employee of a grain and milling company of an affection of the nose and mouth, diagnosed as *actinomycosis*, while employed in the work of grinding and sacking wheat and barley for feed, and while actively engaged in filling sacks of such pulverized grain from the spout of the grinding mill, is an injury arising out of and in the course of his employment under the Workmen's Compensation Act, where it is shown by expert evidence and medical treatises that such disease could be conveyed by grain to the human organism, and by the testimony of the employee that he had not suffered from any such disorder prior to such employment.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the First Appellate District to annul an award made by the Industrial Accident Commission.

The facts are stated in the opinion of the court.

E. A. Ingalls, and H. L. Clayberg, for Petitioner.

Christopher M. Bradley, for Respondents.

THE COURT.—The petitioner herein presents the entire record of the proceedings before the Industrial Accident Commission, from which it appears that one H. A. Burris was,

during the months of October, November, and December, 1915, in the employ of the Perkins Grain and Milling Company, of which this petitioner is the insurer; and that while so employed in the work of grinding and sacking wheat and barley for feed, and while actively engaged in filling sacks of such pulverized grain from the spout of the grinding mill, said Burris became afflicted with an affection of the nose and mouth, which was diagnosed as *actinomycosis,* from which he suffered partial disability, and for compensation on account of which he filed his claim before the Industrial Accident Commission. Upon the hearing thereon the chief issue presented was as to whether the applicant for compensation had suffered any injury arising out of and in the course of his employment.

The evidence taken upon this issue was that of expert witnesses as to the nature and causes of *actinomycosis,* and as to whether it was or could be conveyed by grain to the human organism. Upon this subject the testimony of the physicians was in conflict, as were also the medical treatises upon which they respectively relied for their opinions. The commission resolved this conflict in opinion and authority in favor of the applicant for compensation, by its finding that ''the applicant's employment in and about the handling of grain caused him to contract the disease known as *actinomycosis.*'' The evidence in support of this finding consists not only in the opinion evidence of the physicians who treated the applicant and diagnosed his case, but also in the testimony of the applicant himself that he had not theretofore suffered from any such disorder, but that it had become acutely developed whilst he was engaged in the work of sacking and handling pulverized grain for his employer. We think this evidence was sufficient to warrant the commission in arriving at its aforesaid conclusion, and this being so we have no power to interfere with its discretion in making said award.

The application for the writ is denied.