STELLA B. DEMASTES *v.* STATE COMPENSATION COMMISSIONER
*et al.*

(No. 7360)

Submitted September 7, 1932. Decided September 13, 1932.

C. N. Pew and H. Roy Waugh, for appellant.

Howard B. Lee, Attorney General, and R. Dennis Steed, Assistant Attorney General, for respondent.

LIVELY, JUDGE:

The compensation commissioner rejected the claim of petitioner, Stella B. Demastes, for compensation claimed by reason of the death of petitioner's husband, an employee of Croft Lumber Company, on the ground that the employee's death was not caused by an injury received in the course of and resulting from his employment. The reason assigned for rejection of the claim is the pivotal issue upon review.

Demastes was employed as "buck swamper", whose duty it was to mark timber and brush in a wooded area to be cut later for the formation of a road. He worked alone. About ten o'clock on Saturday morning, July 13, 1929, the woods foreman (R. N. Chandler) instructed him in the route he was to blaze. He was not seen thereafter until his body was found three days later, face downward, at a small spring made and used by the workmen for drinking purposes. In the search for Demastes, the route denoted by Chandler to be blazed by the missing employee, had been followed. The last blazing done by Demastes was at a log several hundred feet from the point where Demastes was found. According to Chandler, Demastes "had marked down to this log and gotten up on it and marked a pole that laid up in some other timber over his head, and then had blazed on the side of the log facing down the hill and had either fell or jumped off the log and from there on he had not done anything." The distance he had jumped or fallen was about six or eight feet. He had followed a direct line—the way the road should have come from this log— and had then turned to his right and gone to the spring. Chandler found that the bark was off on each side of the log where Demastes had crossed it and that the "tracks on the lower side where he hit the ground, indicated that he had either slipped and fell off the log or jumped to keep from falling."

Demastes' clothing and body, covered with sand and dirt, gave evidence of the rain which had fallen on Sunday; and

blood, which had oozed from his ear, had dried on his neck and face.

At the first inquest, conducted at night by lantern light, the coroner's jury concluded that Demastes' death was occasioned by natural causes. The following day, the undertaker, in preparing the body for burial noted bruises on the right side of the face and head, a small cut in the ear, and a bruised condition back of the ear and head. The employer's physician, who stated in an affidavit that on the day following the discovery of the body he noticed a little scratch on one of his ears, testified at the second inquest that "Demastes had sustained a slight wound on right ear by a fall against some object or been struck by a limb which probably participated to some extent in the cause of death". The second inquest resulted in the jury's verdict that "from the condition of the face and head, he was probably struck by a falling limb or by falling against some object causing a slight wound upon the right ear, and that his death was caused as a result of said wound".

The record shows that Demastes was in good health on Saturday, but there is evidence that he had suffered from sick headaches and neuralgia of the stomach, and Dr. Cookman had given him heart tablets. The compensation commissioner points out that claimant's witnesses are not in agreement in their accounts of the bruises on decedent's face and head; also that there is some variance in the respective affidavits of some of the witnesses.

Does the proof adduced show that Demastes' death resulted from an injury sustained in the course of and resulting from his employment?

It is to be noted that there were no witnesses to Demastes' injury or death, so that physical facts and inferences warranted therefrom must be the determinative factors in deciding the issue. Proof that an injury arose out of and in the course of employment may be circumstantial, as well as direct (*Ohio Vault Co.* v. *Industrial Board,* 115 N. E. 149, 277 Ill. 96), and where the circumstances surrounding deceased's death are such as to lead an unprejudiced mind

reasonably to infer that death was caused by accident, the evidence need not negative all other possible causes of death. Schneider, Workmen's Compensation Law, Vol. 1, p. 1013.

Notwithstanding the variant conclusions of the coroner's jurors at the first inquest (held by lantern light) and the second inquest and the discrepancies in the accounts of the deceased's bruises, there is no contradiction of that testimony which relates to Demastes' jumping or falling from the log a distance of six or eight feet, nor is there any refutation of the statements of witnesses that blood had flown from Demastes' ear, had dried on his face and neck, and was evident when workmen found his rain-drenched and dirt-spotted body. That evidence stands positive and undisputed. The rule, well settled and relied upon by the commissioner that a finding of fact by the commissioner should be treated as a finding of a judge or the verdict of a jury, and will not, as a general rule, be disturbed if there is substantial evidence to support it, does not obtain where pertinent facts stand undisputed; and this court has stated that in such case the claimant is entitled to all reasonable inferences from such undisputed facts in support of her claim, as would be accorded to her upon a demurrer to her evidence. *Poccardi* v. *Public Service Commission*, 75 W. Va. 542, 84 S. E. 242; *Goble* v. *Compensation Commissioner*, 111 W. Va. 404, 162 S. E. 314. Chandler, the woods foreman, testified that there was brush to blaze along the path which Demastes followed in going from the place where he fell or jumped to the spring; and it appears unlikely that Demastes would not have marked the brush on his way to the spring had he not been injured. This factor and the events which stand uncontradicted—the fall or jump, the injury, and death—warrant the inference that death was resultant from an injury received in the course of and resulting from his employment. Demastes had no enemies and there was no evidence of foul play. We are not impressed with the theory that death resulted from a diseased physical condition. Testimony relating to such a theory does not negative the physical facts which stand undisputed;

and since it is not a strained inference to connect death with the events which the physical facts indicate, we prefer probability rather than mere conjecture.

The case is remanded for award of compensation.

*Reversed; remanded.*