MRS. ELL WATKINS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7844)

Submitted January 10, 1934. Decided January 16, 1934.

*Sanders, Crockett & Burton,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

HATCHER, JUDGE:

The claim of Mrs. Ell Watkins, widow, for compensation was refused and she appeals.

Ell Watkins was a regularly appointed state deputy prohibition commissioner on June 27, 1932. Under specific orders from the prohibition department, he inspected on that day a

drug store at Bradshaw, McDowell County, which was owned by Dr. Bob Hawkins. Watkins was accompanied by his niece, Rita Aliff, aged nine years. During his inspection, according to Rita, Nathan Hawkins, who helped run the store was behind the counter and Dr. Hawkins and one Sid Crowder were sitting at a table in front of the counter; Watkins looked over the stock of alcoholic products and said that the stock was too large; he then filled out "a permit" and turning to Dr. Hawkins said, "Sign this Doc"; and at that moment Sid Crowder shot Watkins three times in the back. He died almost instantly. Morris Perkins who was nearby heard the shots and heard Rita screaming. Rushing into the store he saw Watkins lying on the floor and the three men in the rear of the store. He took Rita away and called a doctor. Richard Hagerman also was attracted to the store by the shots. He found Watkins lying on the floor, with a pencil under his right hand and several permits, etc., scattered on the floor.

Dr. and Nathan Hawkins, under the advice of counsel, refused to give any information about the shooting to an inspector of the compensation department. The inspector reported that Crowder was then in Virginia. The prohibition department was a subscriber to the workmen's compensation fund.

The foregoing is *all* of the material evidence in the record. The brief of the attorney general takes the position that while Watkins was killed in the course of his employment, there is nothing to show that the fatality *resulted from the employment*.

The brief points to lack of specific evidence showing why Crowder shot Watkins or even connecting Crowder with the drug store business, and relies on *Archibald* v. *Commissioner*, 77 W. Va. 448, 87 S. E. 791. The above position might be sustained under strict construction, but this Court is committed to the rule of liberal construction in favor of the claimant in compensation cases. "Where the facts in a compensation case are clear and undisputed, the claimant is entitled to the benefit of all reasonable inferences, as upon a demurrer to evidence, which may be drawn from such facts." *Demastes* v. *Comp. Com'r.*, 112 W. Va. 498, 165 S. E. 667. The physical association of Crowder with the two Hawkinses immediately before and after the shooting and the refusal of

both the Hawkinses to give information concerning the shooting, demonstrate a connection of some kind between the three. There is no evidence of anything else to provoke the killing except what took place in the drug store while Watkins was performing his official duties. We are of opinion that it is reasonable to infer from those circumstances that Watkins' death resulted from his employment. See generally *Burdette* v. *Commissioner*, (W. Va.) 167 S. E. 869.

The ruling of the compensation commissioner is therefore reversed. But since he has misconstrued the law in relation to this case, it is remanded for his further investigation. In connection therewith it is suggested that the constitutional immunity of the two Hawkinses from compulsion to give evidence against themselves will not uphold their refusal to furnish the commissioner such information as will not tend to criminate them. The mere *ipse dixit* of a witness as to self-crimination is not sufficient. The court may look to "all the circumstances of the case and the nature of the evidence which the witness is called on to give," and determine therefrom whether or not a compulsory answer will tend to criminate him. Jones Comm. on Ev. (2d Ed.), sec. 2476 (see also sec. 2483). If the killing was purely the result of some personal matter between Crowder and Watkins, and not connected with the performance of the latter's official duties, the commissioner should be able to ascertain that fact.

*Reversed and remanded.*