14864

COLE v. STATE HIGHWAY DEPARTMENT

(2 S. E. (2d), 490)

144

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General, L. M. Cantrell* and *C. T. Graydon,* for appellant,

*Messrs. J. E. Dudley* and *Wise & Whaley,* for respondent,

April 11, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This appeal is from an order of the lower Court affirming the award of the South Carolina Industrial Commission in favor of the respondent, Harry J. Cole, in the sum of $8.88 per week. The matter was first heard before Commissioner Hyatt, whose judgment in favor of the respondent was affirmed by the full commission. Appeal was then taken to the Court of Common Pleas.

The respondent, an employee of the South Carolina State Highway Department, received the injury for which he claims compensation, on July 22, 1937, when at work on U. S. Highway No. 15-A, near Cheraw. While in the act of dumping a wheelbarrow loaded with cement his right leg came in violent contact with an iron stob or form-stake, as the result of which he suffered a lacerated wound on his shin. He was given first aid treatment by the appellant, and taken to Dr. Strauss at Bennettsville, who made an examination of the wound and treated it from July 22, 1937, to April 19, 1938. Despite medical treatment the wound was slow to heal, and developed into what is called a chronic. ulcer. It is admitted that the injury suffered by the respondent was accidental, and arose out of, and in the course of the claimant's employment.

On August 3, 1937, the respondent entered into a written agreement with appellant for compensation, which was subsequently amended or corrected, on October 4, 1937. On October 4, 1937, the respondent signed what is styled a final compensation settlement receipt, acknowledging the payment of $13.95 in final settlement and satisfaction of all claims. for compensation, "subject to review as provided by law, on account of injuries suffered * * * on or about the 22nd day of July, 1937."

It appears that the respondent returned to his former employment with the appellant on August 6, 1937, but was unable to perform laborous work. He was then given lighter tasks, such as driving a truck, but on account of the condition of the wound on his leg, which had never healed, he was unequal to it, and resigned his employment on or about October 1, 1937.

When he resumed work on August 6, 1937, Dr. Strauss gave him a certificate which stated that he was able to return to work, but that he needed further treament.

The compensation agreements entered into between the parties were approved by the South Carolina Industrial

Commission, and in accordance with these agreements an award was made.

On February 25, 1938, the respondent through his attorneys made application for a review of the award upon the ground that his wound was still not healed, and that his condition was that of total temporary disability. A hearing was had before Commissioner Hyatt on April 19, 1938, whereat much testimony was taken upon the issue of the respondent's disability.

It is contended by the appellant that there is no evidence sufficient in law to sustain the claim for temporary disability beyond October 1, 1937. If there is any evidence to support the award of the Industrial Commission, then its decision is final. *Rudd v. Fairforest Finishing Company,* 189 S. C., 188, 200 S. E., 727.

An examination of the record discloses exidence that when the respondent returned to his work, on or about August 6, 1937, such return was partly influenced by the insistence of the appellant. There was also evidence that his injury had not healed, and that pain and discomfort attended the performance of tasks even lighter than formerly. Dr. Strauss continued to treat his leg, as stated, until the time of the hearing before Commissioner Hyatt in April, 1938. Dr. Byerly, another physician employed by the appellant, made a thorough examination of the injured leg just a few days before the April hearing, and he stated that the ulcer would never heal as long as the respondent continued work which required him to stay upon his feet. And both doctors testified that they were of the opinion that the respondent's return to work retarded his recovery. In explaining why he left the employment of the appellant on October 1, 1937, the respondent testified: "My leg was hurting me, and they quit taking me over there to the doctor, it was getting worse and worse, and I had to quit (work)." It is undisputed that at the time of the hearing, on April 19, 1938, the wound had not healed, and the leg was still swollen.

There was also testimony that at the time the respondent suffered the injury to his leg, there were some sores on his leg which had been there for an indefinite time, and also scars of ulcers which had healed. It was also in evidence that he had suffered from varicose veins in his right leg. The respondent, however, testified that he had never experienced any discomfort from enlarged veins; that this affliction had never interfered with his work, which was manual labor. He had been engaged upon work on the highway for three months prior to the injury, and it is undisputed that he performed his labor to the entire satisfaction of the appellant.

We agree with the lower Court that there was sufficient evidence for the commission to base its finding that the respondent was disabled beyond October 1, 1937. Although he did resume work for a few weeks, commencing August 6th, the testimony is susceptible of the reasonable inference that his physical condition was such, on account of his unhealed wound, that he was in effect still disabled. It is evident that the disability had not fully terminated, and that during the entire period he was being treated by a physician.

The weight of authority in compensation cases leans to the view that even where an injury aggravates a pre-existing condition or disease so that the disability is continued for a longer period than would normally result from the injury alone, such disability is nevertheless compensable.

So that the fact that the respondent had varicose veins does not defeat recovery under the facts in this case, even should it be concluded that his injury was aggravated by reason of them. *Hartford Accident and Indemn. Co. v. Ind. Com.*, 32 Cal. App., 481, 163 P., 225; Schneider, Workmen's Compensation, Secs. 259, 290.

The appellant poses the question: In the absence of fraud or improper conduct on the part of the appellant, can the respondent claim for injury and damage beyond the period of the final settlement and termination, on October 4, 1937, as shown by the final compensation settlement receipt? It is argued that this final receipt signed by the respondent is analogous to a release in a personal injury case, and that before it can be set aside there must be some evidence of fraud, duress, or other conditions which make it inequitable and unjust. The appellant also takes the position that where an employee under the Workmen's Compensation Act, Code Supp., 1936, § 7035-1 *et seq.*, as amended, seek to recover for a recurrence of a disability, he must show "a change in condition."

We cannot hold that the rights of the respondent were foreclosed by reason of his having signed a final settlement receipt. Not only does that receipt itself embody the provision that it is "subject to review as provided by law", but the testimony offered by the appellant itself shows that this receipt and the previous compensation agreements were signed by the respondent with the distinct understanding that the entire case might be reopened for review. The appellant misreads the documents in question when it asserts that they include the statement by the respondent that he was "completely recovered." We have been unable to find this statement in the record.

The testimony not only shows that the respondent had not recovered when he returned to work on August 6th, and when he again ceased to work, on October 1, 1937, but the appellant knew that the disability continued, and that respondent's injury had not terminated. In fact, as stated by Dr. Byerly, the physician employed by the appellant, the wound had not healed on April 13, 1938, and he stated that it would never heal as long as the respondent performed work which required him to stay on his feet. For these reasons the position of the appellant is untenable, that the

disability terminated on August 6, 1937, or on October 1, 1937. Nor is the appellant in a position under the evidence to complain that the case was reopened.

Section 7035-46 of the South Carolina Workmen's Compensation law as amended, provided: "Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the industrial commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this article, and shall immediately send to the parties a copy of the order of the award. No such review shall affect such award as regards any moneys paid, but no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this article."

The appellant contends that the testimony shows no change in condition after the approved award of August 6, 1937, and after October 1, 1937, the date of the final settlement receipt.

"It appears to be the more generally accepted rule that, where compensation has been paid and the award approved and the case closed, it may still be reopened on the grounds of a change in the employee's condition, where the question of the permanency of the injuries was not considered in the settlement; and a final receipt or a release will not preclude a review on such grounds; not even, it has been held, where the receipt recites that the disability has ceased." 71 C. J., Sec. 1470, page 1472.

The medical testimony shows that the respondent's return to work aggravated his injury and retarded his recovery. According to the respondent, his leg got "worse and worse."

We think from this testimony that the Industrial commission could reasonably have concluded that there was a change in condition which justified a re-

opening of the case. But aside from this, the compensation agreements were signed by respondent with the understanding that he could reopen the case at his option.

Appellant also appeals because it has been adjudged that it pay the costs of the proceeding.

Section 7035-62 of the Workmen's Compensation Act provides that the industrial commission may assess the whole costs of the proceeding upon a party if it shall determine that such proceedings have been brought or defended without reasonable ground.

It is suggested that the commission made no finding of fact or conclusion of law that the appellant has defended unreasonably, which is a necessary condition to the assessment of costs against it.

Although the commission has made no express finding of fact or of law that the appellant defended the case without reasonable grounds, nevertheless its imposition of costs is evidence that such finding was made by the commission, for had no such conclusion been reached, the commission could not have made such assessment under the power vested in it by the Act.

It seems to us that there is some evidence for the commission to have concluded that the defendant defended without reasonable ground. The appellant knew when the respondent resumed work, on August 6, 1937, and when he ceased work, on October 4, 1937, that his wound had not healed, and that his disability had not terminated. It knew on April 13, 1938, six days before the hearing had before Commissioner Hyatt, from an examination made by its own physician, Dr. Byerly, that the ulcer was still open, and would never heal unless the respondent ceased work which required him to stand on his feet. From this and other evidence in the case we think that the costs were properly assessed against the appellant for unreasonably defending.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.