16976

MRS. WILLIAM O. SCOTT, Appellant, v. HAVNEAR MOTOR COMPANY and U. S. FIDELITY & GUARANTY COMPANY, Respondents

(86 S. E. (2d) 475)

*Messrs. Poliakoff & Poliakoff,* of Spartanburg, *for Appellant,*

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Respondents,*

March 14, 1955.

STUKES, Justice.

This is an appeal from the reversal by the Court of Common Pleas of a death award of workmen's compensation.

Decedent was sixty-six years old and employed part time as a mechanic by a used car dealer. By compensable accident he suffered a deep and extensive cut of his right forearm for which he was taken to a hospital and the wound sutured by thirteen stitches, under local anaesthesia. He bled profusely and, according to the lay testimony, suffered symptoms of shock. After about three weeks' treatment he was discharged by the attending physician who had made no other examination of him.

There was evidence that decedent was quite active before the accident but never resumed work afterward and meanwhile complained of chest pains. Within less than two months after his accidental injury he suffered a heart attack in bed and died within a few hours. The Hearing Commissioner awarded death compensation upon the finding

that death was hastened as the result of the accident. Upon review, the Commission affirmed.

Some time after interment the body was exhumed and an autopsy performed by a pathologist, who was a witness in behalf of the employer and its insurer, who are respondents. It was his opinion that there was no causal connection between the injury and death. Present at the autopsy was another pathologist who observed it. He testified for the claimant, now appellant, and he gave as his opinion that the diseased coronary condition, of long standing, which was disclosed by the autopsy, was aggravated by the accidental injury and death thereby accelerated. A third expert, a heart specialist, was produced by respondents and he testified that there could have been a causal connection between the injury and death.

In this conflict of competent, medical opinions, upon which the nature of the case requires that it largely depends, the Commission was justified in finding the fact of causal connection, particularly in view of the lay testimony of physical inactivity and heart symptoms after the accident and not before. It is now trite to say that a conclusion of fact of the Commission, which is based upon evidence, is binding upon the courts. See the many cases of that holding which are collected in 19 S. C. Dig. 576 *et seq.,* Workmen's Compensation, Key 1939.

An accidental injury arising out of and in the course of employment which aggravates a pre-existing infirmity and results in disability is compensable. *Cole v. State Highway Dept.,* 190 S. C. 142, 2 S. E. (2d) 490; *Ferguson v. State Highway Department,* 197 S. C. 520, 15 S. E. (2d) 775. *Cromer v. Newberry Cotton Mills,* 201 S. C. 349, 23 S. E. (2d) 19; *Raley v. City of Camden,* 222 S. C. 303, 72 S. E. (2d) 572. And so when it results in death, the death is compensable. *Green v. City of Bennettsville,* 197 S. C. 313, 15 S. E. (2d) 334; *Sweatt v. Marlboro Cotton Mills,* 206 S. C. 476, 34 S. E. (2d) 762; *Holly v.*

*Spartan Grain & Mill Co.,* 210 S. C. 183, 42 S. E. (2d) 59; *Hughes v. Easley Cotton Mill No. 1,* 210 S. C. 193, 42 S. E. (2d) 64; *Watson v. Wannamaker & Wells, Inc.,* 212 S. C. 506, 48 S. E. (2d) 447; *White v. Carolina Power & Light Co.,* 215 S. C. 25, 53 S. E. (2d) 872; *Sligh v. Newberry Electric Co-op.,* 216 S. C. 401, 58 S. E. (2d) 675; *Hiers v. Brunson Const. Co.,* 221 S. C. 212, 70 S. E. (2d) 211.

Some of the cases cited above, in which compensation for disability or death was awarded and affirmed on appeal, were heart cases such as this. A case of similar conflict in the testimony of the expert medical witnesses offered by the respective parties is *Anderson v. Campbell Tile Co.,* 202 S. C. 54, 24 S. E. (2d) 104, in which award was affirmed. In the *Hiers case* and in others *supra* like conflicts in the expert testimony are found; they are rather to be expected in such cases. It is the prerogative of the commission, not the court, to weigh and consider such testimony in connection with the other facts in the case. See *Smith v. Southern Builders,* 202 S. C. 88, 24 S. E. (2d) 109, 114, in which it was said: "It was for the Industrial Commission to determine which diagnosis advanced by these physicians it would accept."

The lower court, for reversal of the commission in this case, relied on *In re Crawford,* 205 S. C. 72, 30 S. E. (2d) 841, 851, which we do not think is apposite. It involved the factual issue of suicide of the deceased employee and did not have in it the element of conflicting expert, opinion evidence, as here; nor was solution of the issue dependent upon that class of evidence, as is the present case. It was there said in the concurring opinion of a majority of the court: "The opinions of the alleged experts were without substance in view of the physical facts and other evidence, and they were self-contradictory, confused and confusing." That cannot be said in this case. In the cited opinion the following was quoted with approval from *Phillips v. Dixie Stores,* 186 S. C. 374, 195 S. E. 646:

" 'Herein lies the fundamental error of the distinguishe'd circuit judge. By his own statement, he is making himself a participant with the commission in determining "whether the conclusions of the Commission have *adequate support in the evidence.*" (Italics the author's.) This is just what he is forbidden to do. If there were absolutely no evidence in support of the findings of fact by the Commission, we might say that the question thus becomes a question of law. But whether there is a sufficiency of evidence is strictly a matter of fact, and the findings of the commission thereabout are final.' "

Respondents cite *Hines v. Pacific Mills,* 214 S. C. 125, 51 S. E. (2d) 383, but in that case there was no real conflict, as here, between the opinions of the medical witnesses.

Judgment reversed and the award of the Industrial Commission reinstated.

BAKER, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.