THIS OPINION HAS
 NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 David P. Reep, Respondent,
 
 
 

v.

 
 
 
 Sonco
 Technology, Employer, and Cypress Insurance Company, Carrier, Appellants.
 
 
 

Appeal From Marlboro County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2008-UP-241
 Submitted April 1, 2008  Filed April 18,
 2008    

AFFIRMED

 
 
 
 Adrianne L. Turner, of Columbia, for Appellants.
 William P. Hatfield, of Florence, for Respondent.
 
 
 

PER CURIAM: In
 this workers compensation case, Sonco Technology and Cyprus Insurance Company (collectively
 Appellants) appeal the circuit court order affirming the South Carolina Workers
 Compensation Commissions finding that David Reep did not experience a change
 of condition for the better.  Appellants also argue the circuit court erred in holding
 Reep suffered from trigger finger as a result of the accident and trigger
 finger is compensable under Reeps claim.  We affirm.[1]
FACTS
Reep worked at Sonco Technology as a
 welder/machinist.  His job involved cutting, fitting, fabricating, and tacking
 weld devices.  The work required him to use both hands and often involved heavy
 lifting of metal plates, welding supplies, and torches. 
Reep
 left his job in November of 1999 because of chronic pain, swelling, and loss of
 stregnth in both of hands.  Reeps physician, Dr. Rush, diagnosed Reep
 with bilateral carpal tunnel syndrome and performed open carpal tunnel releases
 on Reeps hands.  Reep slowly recovered from the surgeries and began suffering
 from trigger finger.  Dr. Rush opined Reep sustained a 7.5 percent impairment
 to each hand.  
Reep filed
 a workers compensation action against Appellants on October 16, 2000.  The
 latter denied Reeps claim, arguing his injuries were limited to his wrists. 
 After a hearing, the single commissioner awarded Reep permanent disability
 benefits and medical expenses.  
On November 9, 2004, Appellants filed a
 request to stop compensation payments.  Appellants argued Reep experienced a
 change of condition for the better.  They relied upon video surveillance taken
 of Reep using a chainsaw to cut a fallen tree.
A
 hearing was held before the single commissioner on March 17, 2005.  Reep
 testified he used the chainsaw to cut down a dead tree for safety reasons.  He
 stated that Dr. Rush encouraged him to remain active to avoid the loss of use
 of his hands.  Reep also requested additional medical treatment to correct his
 trigger finger.  Dr. Rush recommended A-1 pulley release surgery for the
 triggering.
 The
 single commissioner held evidence did not support a finding that Reep
 experienced a change of condition for the better.  The single commissioner also
 found the videotape surveillance did not convince him that Reep could return to
 work or work outside of his restrictions.  The single commissioner further held
 Reep was entitled to additional medical treatment as recommended by Dr. Rush.
Appellants appealed to the appellate panel. The appellate panel
 affirmed the single commissioners findings.  It specifically found Reep was
 entitled to treatment for his trigger finger as related to his original injury.     
Appellants then sought judicial review in the circuit court.  The
 circuit court affirmed the order of the appellate panel on all issues. 
 Appellants appeal.

LAW / ANALYSIS
I.  Change of Condition
 for the Better
Appellants first
 argue the circuit court erred in finding substantial evidence supported the
 appellate panels finding that Reep did not experience a change of condition
 for the better and could not return to work or perform work outside of his medical restrictions.  We disagree. 
The Workers
 Compensation Act provides a mechanism for reopening an award if there has been
 a change in condition.  Clark v. Aiken County Government, 366 S.C.
 102, 108, 620 S.E.2d 99, 102 (Ct. App. 2005); see S.C.Code Ann. § 42-17-90 (Supp. 2006).  The purpose of this section is to enable the commission to
 change the amount of compensation, including diminishing compensation when
 circumstances indicate a change of condition for the better. Cromer v.
 Newberry Cotton Mills, 201 S.C. 349, 354-55, 23 S.E.2d 19, 21
 (1942).   The determination of whether a claimant has experienced a change of
 condition is a question for the fact finder.  Gattis v. Murrells Inlet VFW,
 353 S.C. 100, 576 S.E.2d 191 (Ct. App. 2003).  An appellate court will not
 disturb the findings of the workers compensation commission if its findings
 are supported by substantial evidence on the record as a whole.  Lark v.
 Bi-Lo, Inc., 276 S.C. 130, 276 S.E.2d 304 (1981).
Here, substantial
 evidence supports the commissions finding that Reep did not experience a
 change of condition for the better.  The only evidence Appellants submitted to support a change of
 condition was the videotape of Reep using a chainsaw and one report from a
 non-treating physician who viewed the videotape.  Reep testified he used the
 chainsaw, but the chainsaw was only six pounds and was not as difficult to
 maneuver as the machines he used as a welder/machinist.  In addition, Reep
 testified Dr. Rush encouraged him to keep his hands active to avoid the loss of
 use of his hands.  Reep also stated he has trouble making a fist with his
 hands, buttoning his clothing, zipping a zipper, squeezing toothpaste, tying
 his shoes, and shaving.  Further, Dr. Rushs medical evaluations indicate Reep
 continues to suffer pain in his hands and fingers. 
II.  Trigger Finger
Appellants next argue the circuit court
 erred in finding Reep suffered from trigger finger as a result of the accident
 and trigger finger is compensable under Reeps claim.  Specifically, Appellants
 argue Reeps trigger finger is not causally related to the accident or Reeps carpal
 tunnel syndrome.  
We are bound, of course, to uphold the commissions
 decision unless its factual determination is not supported by substantial
 evidence. Jones v.
 Georgia-Pacific Corp., 355 S.C. 413, 417-18, 586 S.E.2d 111,
 113-14 (2003); S.C.Code Ann. § 1-23-386(A)(6) (Supp. 2006) ([T]he court
 shall not substitute its judgment for that of the agency as to the weight of
 evidence on the questions of fact.).
While Dr. Rush never specifically opined that Reeps
 trigger finger condition is causally related to the accident or Reeps carpal
 tunnel syndrome, Dr. Rush noted that Reep experienced triggering within a month
 after his second carpal tunnel release surgery.  He recommended surgery on Reeps
 affected fingers as the appropriate treatment.  We therefore hold substantial
 evidence was presented upon which the commission could conclude Reep suffered from trigger finger as a result of the accident. 
AFFIRMED.
HEARN, C.J., PIEPER, JJ., and GOOLSBY,
 A.J., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.