No. 11-1382     *Georgette A. Morton v. West Virginia Office of Insurance Commissioner and Seneca Health Services, Inc.*

**FILED**

**October 4, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis J., dissenting:

In this proceeding, the petitioner was injured during the course of her employment. The majority opinion has determined that merely because the petitioner was helping a co-worker[1] lift a personal box when she was injured, the petitioner's injury was not covered by our workers' compensation laws. I find the majority's decision to be legally unsound. Therefore, for the reasons set out below, I dissent.

The fact section of the majority opinion points out that the box that the petitioner was helping the co-worker move "had been left in petitioner's office." This critical fact is never considered in the majority opinion's analysis. That is, the co-worker's box, which was large and contained maternity clothes, was not in some area of the employment premises that had no direct relationship with the petitioner. The petitioner's workspace was directly impacted by the presence of the large box. It is obvious that removal of the large box from the petitioner's workspace benefitted the employer by allowing the petitioner to have

---

[1] The majority opinion points out that the co-worker was a contract employee who did not work in the office with the petitioner.

1

all the space she needed to efficiently perform the tasks she was assigned.[2] The petitioner's

efforts to help the co-worker remove the box "[are] not a frolic of her own but a condition

of her employment–an obstacle in the path of her efforts to further her employer's business

objectives[.]" *State ex rel. Wyoming Workers' Comp. Div. v. Espinoza*, 924 P.2d 979, 981

(Wyo. 1996).

The court in *Clodgo v. Rentavision, Inc.*, 701 A.2d 1044 (Vt. 1997), has

summed up the type of employee conduct in this case as follows:

> An accident occurs in the course of employment when it was
> within the period of time the employee was on duty at a place
> where the employee was reasonably expected to be while
> fulfilling the duties of the employment contract. Thus, while
> some [personal conduct] among employees during work hours
> can be expected and is not an automatic bar to compensation,
> the key inquiry is whether the employee deviated too far from
> his or her duties.

*Clodgo*, 701 A.2d at 1046 (citation omitted). In the instant case, it simply cannot be said that

the petitioner deviated too far from her job duties by helping a co-worker remove a large box

from her workspace. "[T]o hold that anything but the strictest adherence and attention to the

employer's work prevents recovery of compensation would be, in the first instance,

unrealistic, and in the second, outside of established principles of workers' compensation

---

[2]Equally important, there was no evidence showing that the employer had a policy that prohibited employees from moving objects that could impact the efficient performance of their work.

law." *Varela v. Fisher Roofing Co., Inc.*, 567 N.W.2d 569, 575 (Neb. Ct. App. 1997).

The majority opinion admits that this case was a close call. The majority further suggests that if the rule of liberality could be applied, the outcome of the case might be different. Although the majority opinion is correct in noting that the Legislature abolished the rule of liberality, the majority neglected to consider the application of W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010) to the facts of this case. This statute has been explained as follows:

> In its attempt to abolish the rule of liberality, the legislature failed to understand how the rule operates. This point is made clear from a review of the 2003 enactment of West Virginia Code section 23-4-1g(a). This provision states in relevant part:
>
> If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.
>
> A plain reading of West Virginia Code section 23-4-1g(a) unquestionably shows that it embodies the substance of the rule of liberality. . . ..
>
> The . . . statute demands that the employee prevail whenever evidence is equally balanced. . . . This requirement is the essence of the rule of liberality. That is, the rule of liberality "dictates that the claimant be given the benefit of all

> reasonable inferences the record will allow; and any conflicts must be resolved in favor of the claimant." *Javins v. Workers' Comp. Comm'r*, 320 S.E.2d 119, 130 (W. Va. 1984). *See also Workman v. Workmen's Comp. Comm'r*, 236 S.E.2d 236 (W. Va. 1977); *Myers v. State Workmen's Comp. Comm'r*, 239 S.E.2d 124 (W. Va. 1977); *Pennington v. State Workmen's Comp. Comm'r*, 175 S.E.2d 440 (W. Va. 1970); *McGeary v. State Comp. Dir.*, 135 S.E.2d 345 (W. Va. 1964); *Demastes v. State Comp. Comm'r*, 165 S.E. 667 (W. Va. 1932).

Robin Jean Davis and Louis J. Palmer, Jr., *Workers' Compensation Litigation in West Virginia*: Assessing the Impact of the Rule of Liberality and the Need for Fiscal Reform," 107 W. Va. L. Rev. 43, 102 (2004) (footnote omitted, citing referenced quoted).

Insofar as the evidence in this case presented a close call as to whether the petitioner's injury occurred during the course of, and resulted from, her employment, W. Va. Code § 23-4-1g(a) required that the case be resolved in favor of the petitioner.

In the final analysis, an employee would be foolish to show kindness toward a fellow employee by assisting a fellow employee with anything that the employer has not specifically authorized. Simply put, the majority opinion will have a chilling effect on employee relationships and morale throughout the State.

In view of the foregoing, I respectfully dissent.

4