## 19340

James Edward ARNOLD, Respondent, v. The BENJAMIN BOOTH COMPANY and Continental Insurance Companies, Appellants

(185 S. E. (2d) 830)

338

*William M. Hagood, III, Esq.,* of *Love, Thornton, Arnold & Thomason,* Greenville, *for Defendants-Appellants,* cites:

*C. Ben Bowen, Esq.,* of *Abrams, Bowen and Townes,* Greenville, *for the Plaintiff-Respondent,* cites:

December 29, 1971.

Moss, Chief Justice.

This case arose under the South Carolina Workmen's Compensation Act, Section 72-1 *et seq.,* Code of 1962. There is here involved an appeal by the employer and its insurance carrier from an order of the county court affirming an award of the Industrial Commission in favor of James Edward Arnold, the respondent herein. The respondent was awarded temporary total disability for a back injury which occurred on June 3, 1970 and such was to continue until such time as the Commission determined that he had reached maximum recovery or until his return to gainful employment suitable to his capacity. He also received an award for medical expenses.

The appellants denied that the respondent sustained any injury by accident arising out of and in the course of his employment which resulted in any compensable disability.

The testimony shows that the respondent suffered a work related injury in May of 1969 while employed by appellant, The Benjamin Booth Company, but no claim for Workmen's Compensation was made in regard to such injury. The respondent testified after this injury he continued to have trouble with his back and was, for an unspecified time, under treatment by a physician. He continued to work for the appellant employer until October of 1969 when he was discharged for poor attendance. He further testified that while remaining in his employment, he continued to complain about his back trouble.

The respondent was rehired approximately three weeks prior to the accident in question and after returning to work continued to complain about his back trouble. He admitted that on Friday, May 29, 1970, he slipped and fell on the grass in his yard while leaving to go to work. In this fall,

his right foot "went back up under" him and he "fell flat on (his) back." He missed all of that day at work and visited a physician who referred him back to the physician who had treated him for the first injury to his back. He went to this physician on the same day and was given a prescription. After this he went home and due to the pain in his back he laid on the floor all day. On Saturday night following this, he slept in his bed but due to the continuing back pain he slept on the floor on Sunday night. He testified that on Monday he returned to work even though his back still bothered him and he complained to the people at work about such pain.

On Wednesday, June 3, 1970, the respondent was cleaning floors for his employer. A Mr. Loebs, an engineer with the Benjamin Booth Company, asked him to help move a desk. He testified that he complained that he was having "slight pains in my back" and told Mr. Loebs, "I couldn't do no lifting." He stated that his complaints were ignored by Mr. Loebs and that he then positioned himself at one end of the desk while Mr. Loebs was at the other end. Respondent testified that he lifted the desk about two inches off the floor and "I felt something pull in my back." He estimated the weight of the desk to be 150 to 200 pounds. He stated that following this he told Mr. Loebs of the pulling in his back. The above incident occurred about fifteen minutes before lunch time and at such time he went home to get something for his back. He intended to return to work but his mother made him go to the doctor where he was given another prescription and was referred to an orthopedic surgeon. He never returned to work with his employer.

The sole testimony presented as to the occurrence of the accident and as to his injury was presented by the respondent himself. He presented no medical testimony as to his injury.

The only testimony presented by appellants was that of the vice-president of the plant, the plant manager, and Mr. Loebs. The testimony of the first two individuals was not

pertinent to the occurrence of or to the nature of the injury. Mr. Loebs testified as to the occurrence of the accident. He testified that the respondent had complained about his back on the morning in question but made no complaint when he asked him to help move a desk. He further testified that all the respondent said after the desk was moved was that he had to go home to get some pills for his backache.

The sole question on appeal is whether or not there is any competent evidence to support the award of the Commission. Appellants contend that the evidence presented is not sufficient to support the award as there was no medical testimony as to the question of causation and such was required due to the pre-existing injuries of May 1969, and May 29, 1970.

It is well settled that in Workmen's Compensation cases the Commission is the fact finding body and on appeal the county court and this Court are limited in their review of the facts to a determination of whether or not there is any competent evidence to support the factual findings of the Commission. It is only where the evidence gives rise to but one reasonable inference that the question becomes one of law for the court to decide. *Polk v. E. I. duPont de Nemours Co.,* 250 S. C. 468, 158 S. E. (2d) 765.

Circumstantial evidence and lay testimony can be sufficient to support a finding of causal connection in a Workmen's Compensation case. Such evidence need not reach such a degree of certainty as to exclude every reasonable or possible conclusion other than that reached by the Commission. It is sufficient if the facts and circumstances proved give rise to a reasonable inference that there was a causal connection between the disability and the injury. Whether the absence of medical testimony is conclusive on the question of causation depends upon the particular facts and circumstances of the case. *Mize v. Sangamo Electric Co.,* 251 S. C. 250, 161 S. E. (2d) 846.

This is not a case where there was medical evidence presented but it failed to meet the "most probably" test, *Cross*

*v. Concrete Materials,* 236 S. C. 440, 114 S. E. (2d) 828; nor a case where medical testimony negated the possibility of the disability being caused by the accident in question, *Dennis v. Williams Furniture Corp.,* 243 S. C. 53, 132 S. E. (2d) 1; nor a case where there is a conflict between lay and expert testimony, *Rollins v. Wunda Weve Carpet Co.,* 255 S. C. 1, 177 S. E. (2d) 5; nor is the involved injury one for experts or skilled witnesses alone and concerning a matter of science or specialized art or other matters of which a layman can have no knowledge, *Polk v. E. I. duPont de Nemours Co.,* 250 S. C. 468, 158 S. E. (2d) 765.

We have held that where a previously existing condition or disease is aggravated by injury or accident arising out of or in the course of employment and this results in disability, there is a compensable injury. *Gordon v. E. I. duPont de Nemours & Co.,* 228 S. C. 67, 88 S. E. (2d) 844 and *Glover v. Columbia Hospital,* 236 S. C. 410, 114 S. E. (2d) 565.

The question here is simply whether the lay testimony of the respondent himself unsupported by any medical evidence is sufficient to support the finding of causal connection between the accident of June 3, 1970, and the disability suffered by him.

There was testimony sufficient, in our opinion, to support the conclusion reached by the Commission that on June 3, 1970 the respondent, while lifting a desk, injured or re-injured his back as a result of an accident arising out of or in the course of his employment. The issue of whether the respondent's previous back injury was aggravated or activated as a result of his accidental injury on June 3, 1970 was a factual one to be resolved by the Commission.

The exceptions of the appellant are overruled and the judgment below, is, accordingly,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.