ASELTINE v LETO CONSTRUCTION COMPANY

WORKMEN'S COMPENSATION—LAST EMPLOYER.
The party responsible for the employer's liability on the last day
of work in the employment in which an employee was last
subjected to a condition resulting in disability must be charged
with payment of the compensation accruing (MCLA 412.1).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 October 3, 1972, at
Lansing. (Docket No. 12400.) Decided October 26,
1972.

Richard G. Aseltine presented his claim for
workmen's compensation benefits against Leto
Construction Company and Phoenix Assurance
Company of New York, its insurer. The referee
ordered compensation. The Workmen's Compensa-
tion Appeals Board reversed. Plaintiff appeals.
Reversed.

*Shankland, Hiller, McCormick & Barnett,* for
plaintiff.

*Robert D. Thompson,* for defendants.

Before: QUINN, P. J., and McGREGOR and VAN
VALKENBURG,* JJ.

PER CURIAM. The only question raised in this
appeal is whether defendant Leto Construction

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation §§ 209 *et seq.;* 545.
* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Company is liable, as plaintiff's "last employer", under the Workmen's Compensation Act.

Plaintiff, a brick mason, had worked in the building trades for many years and for many employers. Over the years he developed a condition known as chronic epicondylitis, popularly known as "tennis elbow". Increased discomfort and pain resulted in surgery, stripping a tendon, in 1966. Plaintiff was employed by Leto, as a mason, from March 15, 1967, to July 15, 1967. The elbow condition caused him to miss work; plaintiff finally quit because he was unable to do the required work, and filed a claim against Leto for compensation benefits.

At a hearing, the compensation referee found total disablement and ordered Leto to pay compensation. The appeal board reversed, holding that Leto was not liable as a last employer. Plaintiff appeals the board's decision.

The question raised in this appeal is whether Leto Construction Company is liable as plaintiff's last employer under the Workmen's Compensation Act.

This case is controlled by *Smith v Lawrence Baking Co,* 370 Mich 169, 175 (1963), in which the Court stated:

"The litigants in this suit do not dispute the finding of the referee * * * , that plaintiff has suffered a personal injury and is disabled within the meaning of the act. Who should pay forms the basis of the present controversy. The answer to this question does not depend on whether plaintiff's employment with Lawrence or Gauss or Kroger or Myers constituted the primary and principal cause of his symptoms and disability. The act specifically defines a much different basis for the determination of employer liability.

"The first sentence of part 7, § 9, of the workmen's compensation act provides:

" 'The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted.' (CL 1948, § 417.9 [Stat Ann 1960 Rev § 17.228])."

We hold that defendant Leto is liable for the payment of compensation benefits as a last employer, under the act. The party responsible for the employer's liability on the last day of work in the employment in which the employee was last subjected to the condition resulting in disability must be charged with payment of the compensation accruing. MCLA 412.1; MSA 17.151, MCLA 417.1(a); MSA 17.220(a), MCLA 417.9; MSA 17.228,[1] *Smith v Lawrence Baking Co, supra; Regis v Lansing Drop Forge Co,* 25 Mich App 637, 639 (1970).

Reversed.

[1] The prior workmen's compensation act, MCLA 417.1 *et seq.;* MSA 17.220 *et seq.,* has been superseded by new legislation. MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.* MCLA 418.301; MSA 17.237 (301), MCLA 418.401(a); MSA 17.237 (401) (a), MCLA 418.435; MSA 17.237 (435).