19925

Patrick E. JOYE, Respondent, v. Stanley WIGGINS and Teddy K. Holden, Appellants

(210 S. E. (2d) 310)

*Messrs. McGowan, Nettles, Keller & Eaton,* of Florence, *for Appellants,*

*David S. Baroody, Esq.,* of Marion, *for Respondent,*

December 11, 1974.

*Per Curiam:*

In this action respondent-plaintiff sought to recover damages for personal injuries resulting from an automobile accident which occurred on July 21, 1972 in Marion, South Carolina. Upon trial the court directed a verdict in plaintiff's favor for actual damages, submitting for the determination of the jury only the amount thereof. The jury verdict in favor of the plaintiff was in the amount of $8,500.00 actual damages and the defendants appeal raising only a single issue.

It is contended that there was insufficient evidence to warrant submitting to the jury the issue of any permanent injury to the plaintiff and that as to such the defendants were entitled to a directed verdict.

It is elementary that in considering this issue the evidence and all the inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff. The facts are therefore stated in the light of this most salutary principle.

Following the automobile collision, inferentially a very severe one, the plaintiff was hospitalized for eight days; some months later he was again hospitalized. He sustained medical expenses in excess of $1,700.00 and lost wages in the approximate amount of $2,000.00. One of his injuries, as diagnosed by an attending physician, a general surgeon,

was "acute traumatic low back strain, severe, superimposed on previous spinal fusion." Apparently plaintiff recovered from all the other injuries except the one to his back, but at the time of the trial had, in the opinion of the attending physician, a 35% disability on account of the condition of his back.

The plaintiff was 35 years of age, with a tenth grade education, and had been employed for some 19 years by S. W. Cooperman Paint Contractors of Philadelphia, Pennsylvania. In 1971 while working for said concern in Puerto Rico he sustained an injury to his back following which in April, 1971, he underwent fusion surgery in Philadelphia. According to plaintiff and his wife he had fully recovered from said injury and fusion operation and was able-bodied with no disability at the time of the July, 1972, accident.

The surgeon who attended him in Marion, South Carolina, following the 1972 accident had not theretofore seen him and accordingly was unable to testify as to what his condition was prior to the latter accident. This surgeon, in brief, testified that in his opinion plaintiff had a 35% disability; that such was permanent and that such was in part caused by the July, 1972, accident out of which the litigation arose. Not knowing precisely how much disability, if any, plaintiff had prior to the July, 1972, injury the surgeon declined to express an opinion as to precisely how much of the plaintiff's present permanent disability resulted from the latter accident.

In the fairly recent case of *Arnold v. Benjamin Booth Company*, 257 S. C. 337, 185 S. E. (2d) 830, a workmen's compensation case where there was no medical evidence, we held that there was sufficient lay testimony to support a finding of causal connection between an accident and the disability allegedly resulting from an injury therein to the claimant's back, which he had previously injured. See also *Mize v. Sangamo Electric Company*, 251 S. C. 250, 161 S. E. (2d) 846. Here we have lay tes-

timony to the effect that plaintiff's permanent injury and disability were caused solely by the particular accident and additionally medical testimony to the effect that such was at least in part caused by the particular accident. We conclude that there was abundant evidence to warrant submitting to the jury the issue of permanent injury to the plaintiff.

Affirmed.