## 20156

Virginia WRIGHT, et al., Respondents, v. GRANITEVILLE COMPANY, VAUCLUSE DIVISION, and American Mutual Liability Insurance Company, Appellants.

(221 S. E. (2d) 777)

*Ernest J. Nauful, Jr., Esq.,* of *Callison, Tighe, Nauful &*
*Rush,* Columbia, *for Appellants,*

*Franklin D. Beattie, Jr., Esq.,* of Aiken, *for Respondents,*

January 26, 1976.

LEWIS, Chief Justice:

The deceased, Shade Wright, Jr., forty-two (42) years of age and an employee of appellant, Graniteville Company, for

twenty-seven (27) years, allegedly sustained an injury while about his work on March 29, 1972, aggravating the pre-existing disease of diabetes, which resulted in his death about ten (10) days later, on April 7, 1972. An award by the Industrial Commission to respondents (dependents of deceased) for death benefits under the Workmen's Compensation Act was affirmed by the lower court, and the employer and carrier have appealed. We affirm.

While the seventeen (17) exceptions on appeal are treated in the briefs as raising six (6) questions, all are embraced within the basic issue of whether there was any competent evidence to sustain the findings of the Industrial Commission that the death of the employee resulted from an injury by accident arising out of and in the course of his employment.

Appellant's position that the evidence fails to sustain the award is based to a large extent upon the asserted incompetency of testimony of one of the medical experts, and whether certain testimony of the widow was inadmissible as violative of the "Dead Man's Statute," Section 26-402, 1962 Code of Laws.

Appellants' objection to the testimony of one of the medical witnesses concerns the testimony of Dr. Lattimore who testified for respondents as a medical expert on the issue of causation. He had never treated the employee but, in response to a hypothetical question, testified that in his opinion the injury sustained by the employee most probably aggravated a preexisting disease, resulting in death. The hypothetical question was permitted over appellants' objection that it was based upon material facts which were never proven. The objection was properly overruled.

A full statement of the long hypothetical question is unnecessary. Both respondents and appellants propounded hypothetical questions to their respective medical experts based, in general, upon testimony that the deceased, 42 years of age and in good health, sustained an

injury to his shoulder, diagnosed as a fracture; that there was an immediate onset of pain, becoming disabling on the following day; and that thereafter he took prescribed medication, became nauseated, went into diabetic shock or diabetic acidosis and died. Although some of the details assumed in the hypothetical question propounded by respondents to Dr. Lattimore may not have been specifically proven, the material facts assumed were within the range of the foregoing evidence and there was no error in permitting the expert to give his opinion in response thereto. As stated in *Chapman v. Foremost Dairies, Inc.,* 249 S. C. 438, 154 S. E. (2d) 845:

"It was sufficient that substantially all material facts necessary to the formation of an intelligent opinion as to causation were included in the hypothetical question, and supported by the evidence."

*Neither* is there merit in appellants' contention that the award of the Commission should be reversed because the widow was permitted to testify, over objection, as to conversations with the deceased, her husband.

The widow was permitted to describe the details in the series of events in which she participated, or observed, from the day of injury until her husband's death ten (10) days later. In doing so, she repeated statements by the deceased of how the accidental injury occurred, the report of the accident to the employer, and the pain suffered.

Testimony of the widow as to complaints of pain by the deceased were clearly admissible. *Sligh v. Newberry Electric Cooperative, Inc.,* 216 S. C. 401, 58 S. E. (2d) 675.

The other testimony of the widow as to statements made by the deceased with reference to how the accident occurred, if technically inadmissible, afford no reasonable ground upon which to reverse the award, because her testimony thereabout was purely cumulative to

other testimony establishing the injury. *Sligh v. Newberry Electric Cooperative, Inc., supra.*

The award of the Hearing Commission correctly sets forth the facts upon which the award was based, and we largely follow his narrative.

The decedent injured his shoulder on Wednesday, March 29, 1972, while driving a fork lift up a broken or cracked gang plank into a truck bed in the shipping department at the Graniteville Textile Mill. He complained of pain in his shoulder and the following day he was unable to complete his work, whereupon the foreman took him to the nurses station where he was treated and sent home. The foreman testified that the decedent was crying in pain at this time and from the evidence it is obvious that the employer had actual notice of decedent's injury. The following day he was unable to work and, upon complaint, was immediately referred by a nurse to the employer's physician in Augusta, who saw him that day, placed his arm in a sling and prescribed medication for pain. The examination of the decedent by this physician corroborated the time, date and manner of the decedent's injury. The physician testified that his examination did not reveal any physical impairment due to previous accidents or diseases prior to the injury complained of, and that he instructed the decedent to return to him for further treatment five (5) days later.

Immediately following this examination the decedent returned home to bed where he began to experience nausea and vomiting and he remained in bed continuously until another physician was summoned to his home the following Monday. Immediately upon his examination of the decedent, the physician transported him by ambulance to the hospital. The following day he was placed in the intensive care unit of the hospital where he remained until he died Friday of that week, ten (10) days subsequent to his injuries. The primary cause

of death was given as diabetes mellitus, accompanied by uremia.

His widow testified that during the seventeen (17) years of their marriage the decedent had been in good health and had not consulted a physician for other than routine examinations in connection with his employment, which corroborated the findings of the examination of the employer physician.

While there was other medical testimony to the contrary, Dr. T. J. Lattimore, an expert medical witness, formerly a professor of Anatomy and General Surgery and trained in Pathology, with nineteen (19) years experience in private practice, testified that the injury to the decedent's shoulder most probably aggravated or initiated the preexisting disease of diabetes, causing his death.

The testimony of Dr. W. B. Mullins, Pathologist, showed that upon completion of the autopsy of the decedent four (4) days subsequent to his death, the witness was of the opinion that "this was a case of a sudden illness with death on a previously 'healthy' adult negro male. Attention to a basic illness of diabetes mellitus was caused by an injury that occurred while at work. The injury fractured the left scapula. Some two days later, the patient was admitted with diabetic acidosis." The testimony established that the witness didn't "know when this diabetes mellitus actually began with this man," that "kidney failure frequently accompanies severe diabetes mellitus" and that if diabetes is aggravated, a high temperature "would tend to accompany the diabetes more probably."

The testimony establishes that the deceased promptly reported to his employer and the doctor that he had suffered an injury to his shoulder and the manner in which it was sustained. The fact of injury was, in addition, corroborated by evidence of the fracture to the left scapula and the imme-

diate onset of pain and disability. This testimony constituted sufficient support for the finding of the Commission that the injury was caused by accident arising out of and in the course of employment. *Cole's Next of Kin v. Anderson Cotton Mills, et al.,* 191 S. C. 458, 4 S. E. (2d) 908.

Upon the question of causal connection between the injury and death, there was testimony showing the natural and direct sequence of events following the injury and expert medical testimony that the injury *most probably* aggravated a preexisting, latent diabetic condition which caused death. Such evidence amply supported the findings of the Commission that death resulted from the aggravation of the employee's preexisting diabetic condition. This finding formed a sound legal basis for the award of compensation, in accord with the holding in *Gordon v. E. I. Du Pont De Nemours & Co.,* 228 S. C. 67, 88 S. E. (2d) 844, that "where a latent or quiescent weakened, but not disabling, condition resulting from disease is by accidental injury in the course and scope of employment aggravated or accelerated or activated, with resulting disability, such disability is compensable."

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, GREGORY and RHODES, JJ., concur.