20622

Clayton Gordon BALLEW, Sr., Appellant, v. LIBERTY LIFE INSURANCE COMPANY, Respondent.

(241 S. E. (2d) 907)

*David D. Armstrong, Jack H. Lynn,* and *W. Dennis Chamberlain,* of Greenville, *for Appellant,*

*Charles W. Wofford,* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for Respondent,*

February 27, 1978.

GREGORY, Justice:

Clayton Gordon Ballew, Sr., appeals from an adverse jury verdict in an action to recover on the double indemnity clause of a life insurance policy. Appellant contends the lower court erred by refusing to grant his motion for judgment *non obstante veredicto* or in the alternative for a new trial. We find no error and affirm.

The insured was found dead in bed by his father on February 4, 1975. The insured was twenty-one years old. Appellant, the insured's father and beneficiary, was paid the face amount of the policy and brought this action to recover on the policy's double indemnity clause which provides:

On receipt of due proof that the Insured's death shall have . . . . (b) resulted from injury sustained as the direct result of an accident independent of all other causes, . . . the company will pay a Double Indemnity Benefit equal to the face amount . . . .

The Double Indemnity Benefit shall not be payable if the Insured's death shall result directly or indirectly, wholly or partly, from (a) disease, illness or infirmity of the body or mind.

The essence of appellant's case was that the insured died accidentally from an overdose of Nembutal, a barbiturate. Respondent's defense was that the insured's death resulted from drug addiction, which respondent argued is a disease within the exclusion clause of the insurance policy.

After the jury returned a verdict for respondent, appellant first moved for judgment *non obstante veredicto*. The motion was denied. Appellant alleges the lower court's denial

of that motion was error because the evidence and all reasonable inferences therefrom are only susceptible of the conclusion that the insured's death was the result of an accident within the meaning of the double indemnity clause.

Rule 79 of the Circuit Court Rules authorizes a post trial motion for judgment *non obstante veredicto* only when a motion for a directed verdict has been made at trial and a verdict has been returned against the movant. *Grooms v. Zander,* 246 S. C. 512, 144 S. E. (2d) 909 (1965). Appellant did not move for a directed verdict at trial and concedes this omission in his brief. Accordingly, no error was committed by the lower court's denial of appellant's motion.

Appellant next appeals the denial of his motion for a new trial. This motion was made on the ground that the trial judge erred by failing to exclude the opinion testimony of respondent's expert witness.

Respondent placed Dr. Louis A. Cancellaro on the stand and qualified him as an expert in the field of drug addiction. In response to a lengthy hypothetical question Dr. Cancellaro testified that the insured was "a polydrug user with an addiction."

Appellant contends Dr. Cancellaro's opinion testimony should have been excluded because the hypothetical question presented by respondent to Dr. Cancellaro contained significant differences and omissions from the facts in the record. Although some of the details assumed in the hypothetical question propounded by respondent may not have been specifically proven, the material facts assumed were within the range of the evidence and there was no error in permitting the expert to give his opinion in response to the question. *Wright v. Graniteville Co., Vancluse Division,* 266 S. C. 88, 221 S. E. (2d) 777 (1976) ; *Chapman v. Foremost Dairies, Inc.,* 249 S. C. 438, 154 S. E. (2d) 845 (1967).

Appellant also contends Dr. Cancellaro's opinion testimony should have been excluded because it was based in

part on the opinion testimony of another expert. The opinion of the examining pathologist as to the cause of the insured's death was stated in the hypothetical question propounded by respondent, but did not serve as a foundation for Dr. Cancellaro's opinion. Dr. Cancellaro himself stated the basis of his opinion:

I am going based [sic] upon several aspects of the hypothetical situation as presented, namely, the four to six increasing doses of the Nembutal, that is significant enough to cause a tolerance. If the tolerance develops, that's an addiction.

. . . the one significant factor is the use of the Nembutal that was stated, four to six 100 milligram tablets, over a significant period of time would necessitate development of a tolerance. By that I mean, if a tolerance is developed, more is required to do what less did the day before and then if one stopped taking the drug a withdrawal effect would take place. That is an addiction.

The record does not support appellant's contention that Dr. Cancellaro's opinion concerning the insured's addiction to Nembutal was based on the opinion testimony of another expert.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.