LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

## 20970

John HAYES, Plaintiff-Respondent, v. BATTLE OIL COMPANY, Defendant-Respondent,
and
Harrington Manufacturing Company, Defendant-Appellant.

(255 S. E. (2d) 452)

C. *Dexter Powers,* of *Wright, Scott, Blackwell & Powers,* Florence, *for defendant-appellant.*

*James P. Stevens, Jr.,* of *Stevens, Stevens & Thomas,* Loris, *for plaintiff-respondent.*

*D. W. Green, Jr.,* of *Burroughs, Green, Sasser & Hudson,* Conway, *for defendant-respondent.*

May 23, 1979.

*Per Curiam:*

Respondent (plaintiff) purchased from Battle Oil Company a tobacco barn manufactured by appellant Harrington Manufacturing Company. The barn was destroyed by fire and this action was instituted to recover for the loss from appellant and Battle Oil Company. The trial resulted in a verdict for respondent on the basis of the breach of an implied warranty in the sale of the barn.

While the verdict for damages was against both appellant and Battle Oil Company, only appellant is involved in this appeal, since the lower court subsequently granted the motion of Battle Oil Company, the seller, for a judgment over against appellant upon its cross complaint, from which there is no appeal.

Two questions are presented. The first involves the admissibility of the opinion testimony of an expert witness as to the cause of the fire which destroyed the barn; and the second, whether there was any testimony to sustain the verdict of the jury. It was conceded in oral argument that, if the opinion testimony of the expert witness was admissible, the verdict would have support in the record, rendering further consideration of the second question unnecessary.

The testimony of the expert witness was properly admitted into evidence. The expert gave a positive opinion that malfunction of the safety devices installed on the barn was the cause of the fire; and this opinion was elicited through a hypothetical question based upon the facts in the record. This was sufficient for the admission of the testimony. *Ballew v. Liberty Life Insurance Company,* 270 S. C. 301, 241 S. E. (2d) 907.

Since we have unanimously concluded that no error of law is present and a full opinion would have no precedential value, judgment is affirmed under Rule 23 of the Rules of Practice of this Court.