■ In the Matter of the Claim of DAVID BUTTS, Respondent, v WARD LA FRANCE TRUCKING CORPORATION et al., Appellants, and UTICA MUTUAL INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 29, 1980. This case involves a determination by the board which found that 45% of claimant's present disability was attributable to a work-related accident on March 23, 1976, 10% was attributable to a nonrelated accident on August 27, 1977, and 45% was attributable to another work-related accident on November 30, 1977. The employer's carrier on the second work-related accident has taken this appeal and contends there is no substantial evidence to support the 45% apportionment attributed to the November 30, 1977 accident. There must be a reversal. Only the testimony of two of the doctors who examined claimant is relevant to the question of apportionment concerning the second work-related accident. Claimant's personal physician, Dr. Burke, testified that 90% of claimant's disability was due to the March 23, 1976 accident. Describing the effect of the November 30, 1977 accident as a "relatively slight aggravation" of claimant's previous condition, Dr. Burke stated that "by December 27th [1977] he had almost regained his situation which he had previous to the November 30th incident." Clearly, this testimony would not support the board's apportionment in this case. Nor does the testimony of Dr. Corradini, the other doctor whose testimony is relevant and who examined claimant on behalf of the employer's carrier on the first accident. Dr. Corradini testified that it was his opinion that any disability which resulted from the first accident terminated, at the latest, by January of 1977. It was Dr. Corradini's opinion that, when he examined claimant on October 24, 1977, the disability was attributed "almost exclusively to the [nonrelated] episode of August 26, 1977." Dr. Corradini found no significant change in claimant's condition when he again examined claimant on January 26, 1978 following the second work-related accident. Accordingly, since we do not find substantial evidence in the record to support *the apportionment of liability in this case,* the board's decision must be reversed and the matter remitted to the board. Decision reversed, with costs to the employer and its insurance carrier, Hartford Accident and Indemnity, against respondent Utica Mutual Insurance Company, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.