Argued and submitted January 28, reversed and remanded for reconsideration of
responsibility between Rose City and Lile International; otherwise affirmed
May 29, 1991

In the Matter of the Compensation of
Edward K. McGuire, Claimant.

ROSE CITY VAN & STORAGE
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Edward K. McGUIRE,
Chipman Moving & Storage,
Lile International/Liberty Northwest
Insurance Corporation,
Eastside Van & Storage, Bekins Moving,
SAIF Corporation, Safeco Insurance Company
and Oregon Insurance Guaranty Association,
*Respondents.*

(WCB 87-07348, 87-07480, 87-07481,
87-10318, 87-12554; CA A64531)

811 P2d 1387

Paul L. Roess, Portland, argued the cause for petitioners. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

Craig A. Staples, Portland, argued the cause for respondents Lile International and Liberty Northwest Insurance Corporation. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, Portland.

Richard A. Sly, Portland, waived appearance for respondent Edward K. McGuire.

Thomas E. Ewing, Assistant Attorney General, Salem, waived appearance for respondents SAIF Corporation and Chipman Moving & Storage.

Ridgway K. Foley, Jr., Portland, waived appearance for respondents Eastside Van & Storage and Safeco Insurance Company.

Jay W. Beattie, Portland, waived appearance for respondents Bekins Moving & Storage and Oregon Insurance Guaranty Association.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

The issue in this case is which employer is responsible for claimant's condition. Rose City Van and Storage (Rose City) petitions for review of a Workers' Compensation Board order on reconsideration that assigned it responsibility, because it was the last "potentially causal" employer. We reverse and remand.

In 1985, claimant suffered a compensable injury while working as a furniture mover for Corporate Relocation. He returned to his regular work without any restrictions in April, 1986. Claimant worked as an "on call" furniture mover for six different employers between April and August, 1986. Eastside Van and Storage Company (Eastside), Rose City and Lile International (Lile) were three of the employers.[1] Shortly after returning to work, claimant's symptoms returned and his underlying condition gradually worsened. No new injury or specific incident occurred, and the work at each employment was equally strenuous. On August 12, 1986, claimant saw Dr. Crumpacker, who took him off work. Claimant filed an aggravation claim with Corporate Relocation, which denied it. A referee affirmed the denial, concluding that claimant's subsequent employment with other movers independently contributed to the worsening of the underlying condition resulting from the 1985 injury.[2]

Claimant filed claims against each of the other employers; all of them denied compensability and responsibility. In March, 1988, in response to a request by Eastside, Drs. Crumpacker and Walsh each responded affirmatively to these statements:

> "2. Claimant's right-sided complaints of *late June and early July 1986* are an aggravation of the underlying condition that [claimant's] work exposure *in late June and early July 1986* was the major contributing cause to the onset and need for medical care and treatment; and

---

[1] Claimant worked for Eastside on April 30, May 1 and August 13, 1986. He worked for Rose City on May 4, June 1, 2, 3, 4, 27 and July 11, 1986. He also worked for Rose City for one day in the period between July 26 and August 8, 1986. He worked for Lile on July 2, 10, 11, 12, 18 and 19, 1986.

[2] The other moving companies were not parties to that proceeding.

"3. Any medical care and treatment subsequent to July 1986 would be symptoms of the aggravated condition *of late June or early July 1986.*" (Emphasis supplied.)

Another referee held a hearing in March, 1988, on the denials of Rose City, Lile and the other employers. On the basis of the responses of Crumpacker and Walsh, he concluded that claimant's underlying condition "did worsen in June and July due to his work as a furniture mover." Relying on *Boise Cascade Corp. v. Starbuck,* 296 Or 238, 675 P2d 1044 (1984), he applied the last injurious exposure rule and assigned responsibility to Lile as the last employer whose conditions of employment could have caused the disability. The Board adopted the referee's findings and affirmed as to compensability and the assignment of responsibility to Lile, because it held that the last "potentially causal employment" was with Lile on July 19, 1986. On reconsideration, the Board reversed itself and assigned responsibility to Rose City, because of evidence that claimant had worked for Rose City for one day sometime between July 26 and August 8, 1986. The exact date is unknown. The Board concluded that Rose City is responsible, because it was claimant's last potentially causal employment before the onset of disability on August 12, 1986.[3]

Rose City argues that the Board erred in applying the last injurious exposure rule to assign responsibility to it, because, in this case, compensability was premised on medical evidence of causation occuring in the period from late June to early July. Under the circumstances, Rose City contends that "that employment must, as a matter of law, represent the last 'potentially causal employment' for the purposes of assigning responsibility."

■■ We agree. Under the last injurious exposure rule of liability, responsibility is assigned to the last employer before the onset of disability where work conditions could have caused claimant's injury. *Bracke v. Baza'r, Inc.,* 293 Or 239, 248, 646 P2d 1330 (1982). In this case, the medical evidence, on which the Board relied to find the claim compensable, is

---

[3] The only issues raised here relate to responsibility between Lile and Rose City.

that claimant's underlying condition worsened during a discrete period, *late June to early July.*[4] In that situation, responsibility for the claim is properly assigned to the last potentially causal employer *within that period.*

■ Although the Board said that it was persuaded by the opinions of Crumpacker and Walsh and that it would defer to them, its order refers to the critical period as "June and July" rather than late June and early July, as stated in their opinions. On the basis of that incorrect rephrasing, the Board then concluded that Rose City is responsible, because its work exposure for one day some time between July 26 and August 8 was the last "potentially causal" employment. We conclude that the Board erred in assigning responsibility to Rose City on the basis of employment in late July or early August, because that employment was not in the discrete period during which the compensable claim arose. We remand for the Board to determine which employer for whom claimant worked between "late June and early July" is responsible for the claim. That may be Rose City, where claimant worked on June 27 and July 11, or it may be Lile, where claimant worked on July 2, 10, 11, 12, 18 and 19, 1986.

Reversed and remanded for reconsideration of responsibility between Rose City and Lile International; otherwise affirmed.

---

[4] Both doctors agreed that any work activity after that time merely contributed to claimant's symptoms.