641 S.E.2d 29

**Martha GEATHERS, Claimant.**

v.

**3V, INC., Employer,**

and

**EBI Companies and Liberty Mutual Insurance Company, Carriers/Defendants,**

**of whom EBI Companies is the Petitioner,**

and

**Liberty Mutual Insurance Company is the Respondent.**

No. 26254.

Supreme Court of South Carolina.

Heard Dec. 7, 2006.

Decided Jan. 29, 2007.

572

Kirsten L. Barr, of Trask & Howell, LLC, of Mt. Pleasant, for Petitioner.

Pope D. Johnson, III, of McCutchen, Blanton, Johnson & Barnette, LLP, of Columbia, for Respondent.

Justice BURNETT:

EBI Companies (EBI) argues the Court of Appeals erred in reinstating the decision of the South Carolina Workers' Compensation Commission to apportion liability between EBI and Liberty Mutual Insurance Company (Liberty) for successive injuries to Martha Geathers (Claimant). Op. No. 2004–UP–542 (S.C. Ct.App. filed October 26, 2004). We agree and reverse.

## FACTUAL/PROCEDURAL BACKGROUND

In the course of Claimant's employment with 3V, Inc. (Employer), she suffered successive accidental injuries to her back and leg. Her first injury occurred on July 20, 1999. Employer's workers' compensation insurance carrier at the time of this accident was EBI. Claimant returned to work August 24, 1999. She was placed on light duty for two months before she returned to full duty. Claimant testified Dr. Wilkins released her from his care in January 2000, because she reached maximum medical improvement.

Claimant's second injury occurred on May 11, 2000. Employer's workers' compensation insurance carrier at the time of this injury was Liberty. Claimant returned to work on May 23, 2000, and assumed light duty. Employer sent Claimant home two days later because it did not have any more light duty work for her. Claimant has not worked since that time and has not applied for any other jobs.

Claimant filed for workers' compensation benefits for the first injury. Employer and EBI admitted Claimant sustained an injury, but denied benefits because she had reached maximum medical improvement. Claimant then filed a second claim for benefits for the second injury. EBI and Liberty denied benefits, maintaining Claimant's injuries were attributable to her first accident.

At the hearing before the Single Commissioner, EBI argued: (1) Claimant's injuries from the first accident were no longer compensable because she had reached maximum medical improvement; (2) Dr. Wilkins released Claimant from his

care in January 2000; and (3) Claimant's injuries from the second accident were not the same as her injuries from the first. Liberty argued Claimant never reached maximum medical improvement and EBI should share liability with Liberty for Claimant's current injuries.

Dr. Wilkins gave conflicting testimony regarding Claimant's medical condition. Claimant had no appointments with Dr. Wilkins between her January 2000 visit and her May 2000 injury. However, she did contact him to request prescriptions for pain medication. At the time of the second accident, Claimant continued to experience back pain stemming from the first accident. Although Claimant experienced the same symptoms as the first accident, she testified the symptoms were significantly worse following the second accident.

In his deposition testimony, Dr. Wilkins testified Claimant reached maximum medical improvement in January 2000 when he released her from his care with no restriction on her activity. However, Dr. Wilkins' notes did not reflect a finding of maximum medical improvement. He testified he did not see Claimant again until after her second accident when she complained of the same symptoms she experienced after the first accident.

Also in his deposition testimony, Dr. Wilkins was asked which accident he believed caused Claimant's current condition and he responded, "[T]he problem that she had from the first and from the second and today is all the same problem. The, the ideology [sic] and cause of her pain is the same.... I would consider that the second injury, per say [sic], is, was actually just an aggravation of her initial injury." When asked if Claimant's current condition "flow[ed] from the first accident," Dr. Wilkins responded, "I would say yes ... if she hadn't had the original injury ... I would think it'd be reasonable that she probably would not have had the second injury, which is actually aggravation."

When Dr. Wilkins testified before the Single Commissioner, he attributed Claimant's current condition to the second injury. However, he consistently characterized the second accident as an aggravation of the first, and continually noted the symptoms and complaints were the same for both injuries.

Dr. Wilkins identified the first accident as the "proximate cause of the entire thing."

The Single Commissioner found both of Claimant's injuries compensable and found Dr. Wilkins had not released Claimant from his care or given his opinion as to maximum medical improvement based on Dr. Wilkins' records. The Single Commissioner found:

[The second injury] was intervening, but not totally independent of the [first] accidental injury and that the [second] accidental injury aggravated, exacerbated, and worsened Claimant's condition; and the two injuries from the two accidental injuries are intertwined, indistinguishable, and inseparable beginning May 11, 2000 [the date of the second accident] and remain so as of the date of the hearing.

The Single Commissioner ordered EBI to pay Claimant's benefits for the time period between the first and second accidents, and ordered EBI and Liberty to "share equally in all causally related benefits" from the date of the second accident forward. EBI appealed and the Full Commission affirmed.

EBI appealed to the circuit court which reversed, finding the rule in *Gordon v. E.I. Du Pont Nemours & Co.*, *controlled*. 228 S.C. 67, 76, 88 S.E.2d 844, 848 (1955) (where a non-disabling injury is aggravated with resulting disability, such disability is compensable). The circuit court found no evidence to support the Commission's finding that Dr. Wilkins had not released Claimant as having maximum medical improvement. The circuit court also found the second accident was "clearly distinguishable" from the first accident because Claimant's need for benefits after the second accident was necessitated solely by the second accident. Consequently, Liberty was found to be solely liable for Claimant's entire benefits following the second accident.

The Court of Appeals reversed the decision of the circuit court and reinstated the Commission's decision. The Court of Appeals rejected EBI's argument that *Gordon* controlled because it found substantial evidence to support the Commission's finding Claimant's injuries were "intertwined, indistinguishable, and inseparable." Op. No. 2004–UP–542 (S.C. Ct.

App. filed October 26, 2004). We granted Petitioner's petition for writ of certiorari to review the Court of Appeals' decision.

## ISSUES

I. Does the South Carolina Workers' Compensation Commission have authority to apportion liability between EBI and Liberty for successive injuries to Claimant?

II. Did the Court of Appeals err in failing to apply the *Gordon v. E.I. Du Pont Nemours & Co.*, 228 S.C. 67, 88 S.E.2d 844 (1955), rule to the facts of this case?

## STANDARD OF REVIEW

■■ Appellate review of workers' compensation decisions is governed by the Administrative Procedures Act. *Shealy v. Aiken County*, 341 S.C. 448, 454, 535 S.E.2d 438, 442 (2000); *see also Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981). The Full Commission is the ultimate fact finder. *Id.* at 455, 535 S.E.2d at 442. Under S.C.Code Ann. § 1–23–380(A)(5) (Act. No. 387, 2006 S.C. Acts 387, eff. July 1, 2006), a reviewing court determines whether the circuit court properly determined whether the full commission's findings of fact are supported by substantial evidence in the record and whether the panel's decision is affected by an error of law. *Baxter v. Martin Bros., Inc.*, 368 S.C. 510, 513, 630 S.E.2d 42, 43 (2006). "Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached." *McCraw v. Mary Black Hosp.*, 350 S.C. 229, 235, 565 S.E.2d 286, 289 (2002).

## LAW/ANALYSIS

### I. Authority to Apportion

■ EBI argues the Court of Appeals erred in finding the Commission has the authority to apportion liability for Claimant's second injury and to order EBI to pay benefits related to the second injury when EBI did not provide coverage for Employer on the date of the second injury. We agree.

A "successive-carrier problem" occurs when a worker suffers successive workplace injuries with an intervening change of employers or change of insurance carriers by the same

employer. 9 *Larson's Workers' Compensation Law* § 153.01[1] (2005). There are two possible solutions to the successive-carrier problem.

▪ The apportionment solution has been adopted by many jurisdictions.[1] The leading case establishing apportionment, *Anderson v. Babcock & Wilcox Co.*, 256 N.Y. 146, 175 N.E. 654, 655 (1931), explains the rationale for the approach:

> Unjust it is that the second insurer should bear the entire liability when the second accident was related in large measure to the first. No less unjust it is that the first insurer should bear the entire liability if it appears that without the second accident an earlier recovery might have been had.

The problem with this approach is that it is complicated by statutes of limitations, out-of-state employers, and the difficulty of determining the proportion of liability attributable to each insurer. 9 *Larson's Workers' Compensation Law* at § 153.01[2]. South Carolina has neither statute nor case law authorizing the apportionment of workers' compensation benefits in successive injury cases.[2]

▪ The second solution to the successive-carrier problem is called the "last injurious exposure rule" and it is the majority rule.[3] *Id.* at § 153.02[1]. This rule "places full liabili-

---

1. *See Employers' Cas. Co. v. U.S. Fid. & Guar. Co.*, 214 Ark. 40, 214 S.W.2d 774 (1948); *Argonaut Ins. Co. v. Indus. Acc. Comm'n*, 231 Cal.App.2d 111, 41 Cal.Rptr. 628 (1964); *Sauer Indus. Contracting Inc. v. Ditch*, 547 So.2d 276 (Fla.Dist.Ct.App.1989); *Johnson v. Bath Iron Works Corp.*, 551 A.2d 838 (Me.1988); *Arender v. Nat'l Sales, Inc.*, 193 So.2d 579 (Miss.1966); *Calabro v. Campbell Soup Co.*, 244 N.J.Super. 149, 581 A.2d 1318 (App.Div.1990); *Butts v. Ward La France Trucking Corp.*, 85 A.D.2d 814, 445 N.Y.S.2d 628 (1981); *Wilkerson Chevrolet, Inc. v. Mackey*, 367 P.2d 162 (Okla.1961); *Merton Lumber Co. v. Indus. Comm'n*, 260 Wis. 109, 50 N.W.2d 42 (1951).

2. *Cf.* S.C.Code Ann. § 42–13–50 (1985) (authorizing the Commission to apportion liability between employers in cases where an employee suffers ionizing radiation injury, disability, or death attributable in part to exposure received in previous employment); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 599 S.E.2d 604 (Ct.App.2004) (apportionment allowed when claimant suffered one injury while simultaneously employed by two employers).

3. *See McKeever Custom Cabinets v. Smith*, 379 N.W.2d 368 (Iowa 1985); *Carter v. Avondale Shipyards, Inc.*, 415 So.2d 174 (La.1981); *Aseltine v.*

ty upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability." *Id.* Consistent with the rule that an employer takes its employee as it finds her, the last injurious exposure rule makes the insurer at risk at the time of the second injury liable even if the second injury would have been much less severe in the absence of the prior condition and even if the prior injury significantly contributed to the final condition. *Id.* at § 153.02[2]. However, if the second injury is merely a recurrence of the first injury, then the insurer on the risk at the time of the original injury remains liable for the second. *Id.* at § 153.02[4]. The benefit of the last injurious exposure rule is it "provides a reasonably equitable approach to compensation problems in the multi-employer context which is simple, easy to administer, and avoids the difficulties associated with apportionment." 82 Am.Jur.2d *Workers' Compensation* § 200 (2003).

While South Carolina has not expressly adopted the last injurious exposure rule, both statutory and case law favor adopting the rule rather than the apportionment solution. First, S.C.Code Ann. § 42–9–430 (1985) favors placing sole liability on a single insurer. It states:

Whenever a dispute arises between two or more parties as to which party is liable for the payment of workers' compensation benefits to an injured employee pursuant to the provisions of this title and there is no genuine issue of material fact as to the employee's employment, his average weekly wage, the occurrence of an injury, the extent of the injury, and the fact that the injury arose out of and in the scope of the employment, the hearing commissioner may, in his discretion, require the disputing parties involved to pay benefits immediately to the employee and to share equally in the payment of those benefits until it is determined which party is solely liable, at which time the liable party must

*Leto Constr. Co.,* 43 Mich.App. 559, 204 N.W.2d 262 (Mich.Ct.App. 1972); *Jensen v. Kronick's Floor Covering Serv.,* 309 Minn. 541, 245 N.W.2d 230 (1976); *Collett Elec. v. Dubovik,* 112 Nev. 193, 911 P.2d 1192 (1996); *Rose City Van & Storage v. McGuire,* 107 Or.App. 404, 811 P.2d 1387 (1991); *Novak v. C.J. Grossenburg & Son,* 89 S.D. 308, 232 N.W.2d 463 (1975); *Bennett v. Howard Johnsons Motor Lodge,* 714 S.W.2d 273 (Tenn.1986); *Duaine Brown Chevrolet Co. v. Indus. Comm'n,* 29 Utah 2d 478, 511 P.2d 743 (1973).

reimburse all other parties for the benefits they have paid to the employee.... '

Second, 25A S.C.Code Ann. Regs. 67–409 (1976) instructs the Commission to presume the policy with the later effective date is in force "when duplicate or dual coverage exists by reason of two different insurance carriers issuing two policies to the same employer securing the same liability." Finally, a number of cases have applied a version of the last injurious exposure rule and declined to follow the apportionment rule when dealing with occupational diseases. *See Glenn v. Columbia Silica Sand Co.,* 236 S.C. 13, 112 S.E.2d 711 (1960); *Hanks v. Blair Mills, Inc.,* 286 S.C. 378, 335 S.E.2d 91 (Ct.App.1985); *Hargrove,* 360 S.C. 276, 599 S.E.2d 604.

Since South Carolina has adopted neither the apportionment rule nor the last injurious exposure rule, this case presents a novel issue of law. In the absence of authority permitting apportionment and because existing statutory authority expresses a preference for holding a single insurer liable rather than apportioning liability among multiple insurers, we adopt the last injurious exposure rule. Applying this rule, we find the Court of Appeals erred in apportioning liability for Claimant's second injury.[4]

## II. The *Gordon* Rule

██ EBI argues the Court of Appeals erred in failing to apply the principle espoused in *Gordon,* that aggravation of a pre-existing condition is compensable. In *Gordon,* this Court held:

The rule is well established that where a latent or quiescent weakened, but not disabling, condition resulting from disease is by accidental injury in the course and scope of employment aggravated or accelerated or activated, with resulting disability, such disability is compensable. The same principle is equally applicable where the latent, but not disabling, condition has resulted from a prior accidental injury. If the disability is proximately caused by the subse-

---

4. The Single Commissioner erred in finding apportionment to be a factual finding. Because of the legal analysis required, it is a legal conclusion.

quent accidental injury, compensability is referable to that, and not the earlier one.

*Id.* at 76, 88 S.E.2d at 848 (internal citations omitted). The Court of Appeals declined to follow *Gordon* because of the "factual-driven nature of the *Gordon* decision." On the contrary, the *Gordon* rule is "well established" [5] and the Court of Appeals erred in limiting *Gordon* to its facts.

The Court of Appeals distinguished Claimant's situation because her injuries were not separate and distinct but "intertwined, indistinguishable, and inseparable." *Gordon*, according to the Court of Appeals, did not apply because it dealt with separate and distinct injuries. The Court of Appeals was correct in determining the Commission's finding of inseparability was supported by substantial evidence. However, such a finding does not preclude the application of *Gordon* because *Gordon* is not limited to its particular facts. *Gordon* applies to the instant case because: (1) Claimant suffered a non-disabling back injury during a workplace accident; (2) Claimant's disability was caused by the second accident; and (3) the second injury "aggravated or accelerated or activated" the pre-existing condition.

Not only does the *Gordon* rule apply to this case, but it also reflects the essence of the last injurious exposure rule which is to hold the insurer on the risk at the time of the second injury solely liable when the second injury aggravates the first injury.

## *CONCLUSION*

For the foregoing reasons, we reverse the Court of Appeals and reinstate the decision of the circuit court finding Liberty

---

5. The rule is based on five published opinions and American Jurisprudence: *Cole v. State Highway Dep't,* 190 S.C. 142, 2 S.E.2d 490 (1939); *Green v. City of Bennettsville,* 197 S.C. 313, 15 S.E.2d 334 (1941); *Ferguson v. State Highway Dep't,* 197 S.C. 520, 15 S.E.2d 775 (1941); *Cromer v. Newberry Cotton Mills,* 201 S.C. 349, 23 S.E.2d 19 (1942); *Ducker v. Dunean Mills,* 218 S.C. 465, 63 S.E.2d 314 (1951); 58 Am.Jur. *Workmen's Compensation* § 278 (1948). It has also been cited three times by this Court: *Kearse v. S.C. Wildlife Res. Dep't,* 236 S.C. 540, 115 S.E.2d 183 (1960); *Arnold v. Benjamin Booth Co.,* 257 S.C. 337, 185 S.E.2d 830 (1971); *Wright v. Graniteville Co.,* 266 S.C. 88, 221 S.E.2d 777 (1976).

solely liable for Claimant's benefits following her second injury.

**REVERSED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.