THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Walter P.
 Haney, Jr., Claimant, Respondent,
 v.
 Ray's Vacuum
 and Sewing Center of Spartanburg, Employer; South Carolina Uninsured
 Employer's Fund; and CNA Insurance Company, Carrier, Defendants,
 Of Whom Ray's
 Vacuum and Sewing Center of Spartanburg and South Carolina Uninsured
 Employer's Fund are the Appellants,
 And CNA
 Insurance Company is the Respondent.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No.   2011-UP-128 
 Submitted March 1, 2011  Filed March 28,
2011

AFFIRMED

 
 
 
 C. Roland Jones, Jr., of Spartanburg, for Appellant South Carolina
 Uninsured Employers' Fund.
 Toney J. Lister, of Spartanburg, for Appellant Ray's Vacuum and
 Sewing Center of Spartanburg.
 Danny R. Smith and Max T. Hyde, Jr., both of Spartanburg, for
 Respondent Walter P. Haney, Jr. 
 Weston Adams, III, Helen F. Hiser, C. Edward Rawl, Jr., and Scott
 B. Garrett, all of Columbia, for Respondent CNA Insurance Company.
 
 
 

PER CURIAM:  Ray's Vacuum and Sewing Center of Spartanburg (Ray's)
 and the South Carolina Uninsured Employers' Fund (the Fund) appeal the circuit
 court's order affirming the decision of the Appellate Panel of the Workers'
 Compensation Commission (the Appellate Panel).  They argue the circuit court
 erred in holding (1) the "last injurious exposure" rule applied and
 (2) substantial evidence supported the finding that Walter P. Haney, Jr., was
 entitled to temporary total disability benefits.  We affirm.[1]
1. We hold the circuit
 court correctly applied the "last injurious exposure" rule in
 determining that Ray's and the Fund were liable for compensating Haney's
 disability because substantial evidence supports the Appellate Panel's finding
 Haney's final exposure to the cause of his carpel tunnel syndrome occurred on
 August 31, 2004, when Ray's lacked workers' compensation insurance coverage.  See S.C. Code Ann. § 1-23-380(5) (Supp. 2010) (limiting a
 reviewing court to correcting errors of law or factual findings that are
 "clearly erroneous in view of the reliable, probative, and substantial
 evidence on the whole record").  Haney's August 31, 2004 injury was not a
 recurrence of an earlier injury; instead, it was an independent traumatic event
 that contributed to the causation of his disability.  See Geathers v.
 3V, Inc., 371 S.C. 570, 577-79, 641 S.E.2d 29, 33-34 (2007) (citation
 omitted) (adopting the "last injurious exposure" rule, which "'places full liability upon the carrier covering the
 risk at the time of the most recent injury that bears a causal relation to the
 disability'"); Bass
 v. Isochem, 365 S.C. 454, 474-75, 617 S.E.2d 369, 380 (Ct. App. 2005)
 (explaining carpel tunnel syndrome is a repetitive trauma injury, having
 "a gradual onset caused by the cumulative effect of repetitive traumatic events
 or 'mini accidents'").
2. We hold the circuit
 court properly upheld the Appellate Panel's finding of temporary total
 disability because substantial evidence indicates Haney was terminated and unable
 to find subsequent work because of his carpel tunnel syndrome.  See S.C.
 Code Ann. § 1-23-380(5) (Supp. 2010).
AFFIRMED.
FEW,
 C.J., THOMAS and KONDUROS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.