**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Ana Rodriguez Galvan, Respondent,

v.

Griffin Stafford North Charleston, Employer; Accident Fund General Insurance Company c/o Accident Fund Insurance Company of America, Hartford Accident & Indemnity Co., and Employers Preferred Insurance Company, Carriers, Defendants,

of whom Griffin Stafford North Charleston, Employer, and Employers Preferred Insurance Company, Carrier, are the Appellants,

and Accident Fund General Insurance Company c/o Accident Fund Insurance Company of America and Hartford Accident & Indemnity Co. are Respondents.

Appellate Case No. 2021-000585

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2024-UP-017
Submitted December 4, 2023 – Filed January 10, 2024

**AFFIRMED**

Kathryn Fiehrer Walton, of Wood Law Group, LLC, of Charleston, for Appellant.

Lynnley Ross and Andrew Thomas Smith, of Wilson Jones Carter & Baxley, P.A., of North Charleston, for Respondent Hartford Accident & Indemnity Co.

Michael J. Jordan and Frederick Elliotte Quinn, IV, of The Steinberg Law Firm, LLP, of Goose Creek, for Respondent Ana Rodriguez Galvan.

Regan Ankney Cobb, of Holder, Padgett, Littlejohn & Prickett, LLC, of Mount Pleasant, for Respondent Accident Fund General Insurance Company c/o Accident Fund Insurance Company of America.

---

**PER CURIAM:** Employers Preferred Insurance Company (Employers Preferred) appeals the decision and order of an Appellate Panel of the South Carolina Workers' Compensation Commission (the Commission). The main issue is whether the Commission erred in finding the claimant's need for a second shoulder surgery is the result of her original workplace accident or if it was caused by an unidentified new accident after she returned to work. Other issues involve a challenge to the timeliness of supplemental evidence; the designation of a treating physician for the claimant's future care; the release of additional insurance carriers from the claim; and the decision to hold the issues involving the claimant's neck pain and permanency of her shoulder injury in abeyance.

Our review is governed by the Administrative Procedures Act (APA). *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010); *see Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 132–35, 276 S.E.2d 304, 305 (1981). We may reverse or modify the Commission's decision if the decision is "affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence considering the record as a whole." *Trotter v. Trane Coil Facility*, 393 S.C. 637, 644–45, 714 S.E.2d 289, 293 (2011) (citing *Transp. Ins. Co. v. South Carolina Second Injury Fund*, 389 S.C. 422, 699 S.E.2d 687 (2010)); *Pierre*, 386 S.C. at 540, 689 S.E.2d at 618.

"Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached." *Geathers v. 3V, Inc.*, 371 S.C. 570, 576, 641 S.E.2d 29, 32 (2007) (quoting *McCraw v. Mary Black Hosp.*, 350 S.C. 229, 235, 565 S.E.2d 286, 289 (2002)). Ultimately, the Commission is the fact finder. *Id.* (citing *Shealy v. Aiken County*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000)). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Palmetto All. Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984).

As already noted, the Commission found that there was no second accident or injury and the claimant's need for a second shoulder surgery is the result of her original workplace injury. We cannot say this finding is clearly erroneous.

Employers Preferred relies on the deposition testimony of Dr. McCoy to assert that claimant's pain is the product of either repetitive activity or a new acute injury. While parts of Dr. McCoy's testimony suggest that he believes the claimant's current condition is the result of a new acute injury or of minor repetitive activities, other parts of Dr. McCoy's testimony have strong language relating the need for the second surgery directly to the original accident. The Commission found his opinion supported causation being tied to the original accident. That finding was a reasonable view of his testimony and within the Commission's role as fact finder.

Employers Preferred also urges the court to apply the "last injurious exposure rule" under *Geathers*. We are convinced that case is meaningfully distinguishable. The *Geathers* court relied on *Gordon v. E.I. Du Pont Nemours & Co.*, 228 S.C. 67, 88 S.E.2d 844 (1955), where the facts similarly involved what all parties agreed were two separate and distinct injuries, albeit to the same body part. *Geathers*, 371 S.C. at 580, 641 S.E.2d at 34 ("*Gordon* applies to the instant case because: (1) Claimant suffered a[n] . . . injury during a workplace accident; (2) Claimant's disability was caused by the second accident; and (3) the second injury 'aggravated or accelerated or activated' the pre-existing condition."). Here, the parties dispute whether the claimant suffered a second injury, and the Commission found she did not.

The Commission noted other evidence supported this view in addition to Dr. McCoy's opinion. The Commission relied on testimony from the other physicians who evaluated the claimant and attributed causation of claimant's present pain to the original injury. The Commission further based its ruling on claimant's testimony that she had not experienced *any* secondary work-related trauma to her shoulder, and that her pain had been constant since her first surgery. In short, the

Commission's decision that there had been no second "accident" or "injury" was well-grounded in the evidence.  We cannot disturb it.

We agree that claimant's original injury necessitates additional medical care, so it follows that the Commission made no error in declining to adjudicate issues involving the permanency of claimant's shoulder injury (because she will undergo a second surgery) and her neck pain (as the record indicates it is derivative of her shoulder pain).

Employers Preferred further argues that the Commission should not have accepted a supplemental report from Dr. Pappas.  The governing regulation gives Commissioners discretion to hold the record open.  S.C. Code Ann. Regs. 67-612(E) (2012) (emphasis added) ("Failure to provide reports and notices as required under this section *may* result in the exclusion of such reports from the evidence of the case . . . .").  Under *Morgan v. JPS Automotives*, 321 S.C. 201, 203-04, 467 S.E.2d 457, 459 (Ct. App. 1996), it is an abuse of discretion for a commissioner to reject evidence when its admission does not cause prejudice.  The single commissioner offered Employers Preferred the opportunity to depose Dr. Pappas if it felt prejudiced by the late submission, and they declined.

Next, Employers Preferred argues the Commission erred in designating Dr. Pappas as the authorized treating physician.  We respectfully disagree.  Everyone agrees that claimant needs a second shoulder surgery, and everyone agrees the original treating physician—Dr. McCoy—no longer performs surgeries.  Employers Preferred made no objection or argument when claimant asked the single commissioner to appoint Dr. Pappas.  The first argument against the appointment of Dr. Pappas appears in Employers Preferred's brief to the Appellate Panel.

Proceedings at the Commission follow a somewhat unusual procedure in that while the single commissioner receives most of the evidence and makes the initial ruling, the Appellate Panel is the final fact finder.  *Shealy*, 341 S.C. at 455, 535 S.E.2d at 442.  Still, in the absence of an objection or argument to the single commissioner, we see no basis for disturbing the Commission's decision.  *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301–02, 641 S.E.2d 903, 907 (2007) (citation omitted) (noting the requirement that an argument must be raised in a timely manner in order to preserve the argument for appeal among the traditional error preservation criteria).

This leaves the Commission's decision that claimant was not at maximum medical improvement (MMI) as the last issue.  Though Dr. McCoy and Dr. McConnell both indicated that claimant had reached MMI, Dr. Richardson and Dr. Pappas opined

that claimant had not reached MMI. It was within the Commission's discretion to weigh the credibility of competing medical opinions and make factual determinations based on its evaluation. *See Thompson v. S.C. Steel Erectors,* 369 S.C. 606, 612, 632 S.E.2d 874, 877–78 (Ct. App. 2006) ("[T]he appellate court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact.").

Contrary to Employer Preferred's assertion that claimant was at MMI because she did not seek treatment from Dr. McCoy for almost a year, the claimant sought the opinions of no less than two other doctors within that time. One of those doctors, Dr. Richardson, determined that she had not reached MMI when he treated claimant after she was released from Dr. McCoy's care. As noted above, ample evidence supports the Commission's finding that claimant was not at MMI.

In sum, Employers Preferred has not demonstrated that the "worsening" claimant experienced was attributable to a subsequent injury, and has not met its burden for us to find that the Commission's ruling was erroneous. The Commission's order is

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR. We decline to address the dismissal of the additional carriers because our determination that Employers Preferred is responsible for Claimant's care is dispositive. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting that when an issue is dispositive the reviewing court need not address remaining issues).